IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

KENIA GONZALEZ,

      Plaintiff,

vs.                                 Case No.

FANATICS RETAIL GROUP
FULFILLMENT LLC.,

      Defendant.

_____/

## COMPLAINT

    Plaintiff, ("Plaintiff"), KENIA GONZALEZ, by and through the undersigned counsel,
hereby sues Defendants FANATICS RETAIL GROUP FULFILLMENT LLC. ("Defendant"),
and in support aver as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Five Hundred Thousand Dollars ($500,000.00),
   exclusive of attorneys' fees, interest, and costs; and therefore, this action is within the
   jurisdiction of this Court. This action is brought by the Plaintiff for declaratory and injunctive
   relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statute Section
   760, et seq. ("FCRA"), to redress injury done to Plaintiff by the Defendant for discriminatory
   treatment on the basis of Disability, Retaliation and a Hostile Work Environment.

2. Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth
   above together with attorney's fees, costs and damages.

3. At all times material hereto, Plaintiff was a resident of Hillsborough County, Florida.

4. Defendant was a "person" and/or an "employer" pursuant to the Florida Civil Rights Act of

1

1992, *Fla. Stat. Section 760.01, et seq.,* since it employs fifteen (15) or more employees for the applicable statutory period, and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

5.  At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6.  At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

7.  Venue is proper in Hillsborough County, Florida because all of the relevant acts and omissions that form the basis of this Complaint occurred within Hillsborough County, Florida and payment was due in Hillsborough County, Florida, within the jurisdiction of this Honorable Court.

8.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Florida Commission on Human Relations.

9.  More than 180 days have passed since the filing of Plaintiff's Charge of Discrimination and the Plaintiff has requested or otherwise obtained the Right to Sue. Plaintiff is timely filing suit.

10. All conditions precedent for the filing of this action before this Court have been met, including the exhaustion of all pertinent administrative procedures and remedies.

11. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was employed by Fanatics as an Inspector since March 15, 2022.

13. Plaintiff worked at Fanatics for two and a half years, during which Plaintiff began experiencing severe foot pain that ultimately required surgery on January 22, 2024.

14. After surgery, Plaintiff returned to work on April 4, 2024.

15. On April 8, 2024, after four days of working, Plaintiff was unable to continue due to severe pain from prolonged standing.

16. Plaintiff was then placed on long-term disability leave until March 2026.

17. On October 14, 2024, Plaintiff received a phone call from Human Resources representative Dannette Márquez, who informed Plaintiff that she would speak with Supervisor Cliff about Plaintiff's request for accommodation.

18. On October 17, 2024, Plaintiff received a follow-up call from Dannette Márquez, who stated that she had spoken with Supervisor Cliff and that he responded that he could not accommodate Plaintiff or give Plaintiff any "privileges." However, Plaintiff was told that Fanatics would still schedule a Zoom interview for a different position.

19. Prior to the interview, Plaintiff was also required to submit medical documentation stating that Plaintiff could work alternating between sitting and standing. Plaintiff personally delivered this doctor's note to Human Resources representative Dannette Márquez at Fanatics' facilities.

20. On October 17, 2024, Plaintiff also returned to the office with a medical note recommending that Plaintiff alternate between sitting and standing to manage Plaintiff's condition.

21. Plaintiff requested a reasonable accommodation for a modified position involving data entry.

22. On November 21, 2024, Plaintiff was interviewed for the modified position with Dannette Márquez (Human Resources), Gloribel Hernandez, and Ana Novoa (Manager).

3

23. During the interview, Plaintiff explained Plaintiff's medical restrictions and need to alternate between sitting and standing.

24. Plaintiff also stated that a coworker had informed Plaintiff of an open position that would accommodate Plaintiff's needs.

25. On December 4, 2024, Plaintiff received another phone call from Human Resources representative Dannette Márquez, who informed Plaintiff that Fanatics would not grant Plaintiff the requested position. Plaintiff was told no further explanation, and instead Fanatics chose to hire new employees rather than provide Plaintiff with a reassignment that would have permitted Plaintiff's return to work.

26. Plaintiff made clear throughout this process that Plaintiff's intention was to continue working.

27. Plaintiff felt discriminated against when Fanatics refused to assist in resolving the problem despite Plaintiff's medical condition and clear ability to work with accommodations.

28. Plaintiff verbally explained Plaintiff's health condition to Fanatics, but instead of providing accommodations, Plaintiff was forced to provide another doctor's note stating that Plaintiff could only work 40 hours per week. Plaintiff was told that if such documentation was not provided, Plaintiff would be required to work overtime or risk termination. Plaintiff believes this constituted discrimination against Plaintiff as an employee with a disability.

29. In December 2024, Plaintiff was formally notified that Plaintiff had been denied the position.

30. On January 17, 2025, Plaintiff received a phone call from Human Resources representative Dannette Márquez, inquiring about Plaintiff's health.

31. Plaintiff explained that Plaintiff was still in pain and that Plaintiff's doctor recommended seeing a neurologist.

32. Dannette then asked Plaintiff if Plaintiff had a return-to-work date.

4

33. Plaintiff replied that Plaintiff did not yet have one.

34. On January 24, 2025, Plaintiff received another call from Dannette Márquez, who informed Plaintiff that since Plaintiff did not have a confirmed return date, Fanatics would be terminating Plaintiff's employment.

35. Plaintiff was devastated by this termination, as Fanatics disregarded Plaintiff's medical condition and health. The termination caused Plaintiff severe emotional distress, to the point that Plaintiff had to seek psychiatric treatment for the consequences of Fanatics' actions.

36. Plaintiff believes Plaintiff was unlawfully discriminated against based on disability in violation of the Florida Civil Rights Act of 1992.

37. Plaintiff's request for a reasonable accommodation was denied, despite Plaintiff's doctor's recommendation.

38. Plaintiff was wrongfully terminated due to Plaintiff's medical condition and need for accommodations.

39. Fanatics failed to engage in the interactive process required by the FCRA and did not offer any alternative accommodations.

40. Throughout Plaintiff employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory level.

41. Any reason proffered by Plaintiff employer for the adverse employment actions is mere pretext for unlawful discrimination.

42. Plaintiff has retained the undersigned counsel so that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

5

## COUNT I
### *Disability Discrimination in Violation of the FCRA*

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 above as is set out in full herein.

44. Plaintiff has a physical disability involving severe foot pain, which required surgery and continues to substantially limit one or more major life activities, including standing and walking. Plaintiff is therefore a member of a protected class under the FCRA.

45. Plaintiff was regarded as having or know to have a disability by Defendant and Defendant's agents.

46. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

47. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a physical disability.

48. Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

49. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

50. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

51. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

52. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

53. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

55. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

7

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury.

J. Grant such other and further relief as the Court deems just and proper.

### COUNT II
### *Retaliation in Violation of the FCRA*

57. Plaintiff re-adopts and incorporates paragraphs 1-42 of this complaint as if set out in full herein.

58. Defendant is an employer as that term is used under the applicable statutes referenced above.

59. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

60. The foregoing unlawful acts by Defendant were purposeful.

8

61. Plaintiff is a member of a protected class because she has a physical disability that substantially limits one or more major life activities and requested a reasonable accommodation. Plaintiff was the victim of retaliation after engaging in a statutorily protected activity by requesting accommodations and complaining to Defendant about her medical condition. There is a causal connection between Plaintiff's request for accommodations, Plaintiff's complaints to Defendant, and the adverse employment actions taken thereafter.

62. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

63. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

9

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Hostile Work Environment in Violation of the FCRA*

64. Plaintiff re-adopts each and every factual allegation as stated in 1-42 of this Complaint as if set out in full herein.

65. Defendant is an employer as that term is used under the applicable statutes referenced above.

66. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the FCRA.

67. Plaintiff, as an individual with a disability, is within a protected class as envisioned by the FCRA.

68. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

10

69. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being an individua with a disability, is within a protected class as envisioned by the FCRA.

70. The harassment was decidedly severe, as Defendant had continuously harassed Plaintiff for her disability.

71. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when she was ultimately terminated.

72. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

73. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

74. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

11

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E.  Reinstate full fringe benefits and seniority rights to Plaintiff.

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G.  For a money judgment representing prejudgment interest.

H.  Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I.  Grant Plaintiff a trial by jury; and

J.  Grant such other and further relief as the Court deems just and proper.

12

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues so triable.


Dated: <u>September 25, 2025</u>                  Respectfully submitted,

                                            */s/: Anthony M. Georges-Pierre*
                                            Anthony M. Georges-Pierre, Esq.
                                            Fla. Bar No.: 0533637
                                            ***REMER, GEORGES-PIERRE, &***
                                            ***HOOGERWOERD, PLLC***
                                            2745 Ponce de Leon Blvd
                                            Coral Gables, FL 33134
                                            (305) 416-5000- Telephone
                                            **agp@rgph.law**

13

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

<u>KENIA GONZALEZ</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>FANATICS RETAIL GROUP FULFILLMENT LLC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>3</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Anthony M Georges-Pierre</u>     Fla. Bar # <u>533637</u>
    Attorney or party                (Bar # if attorney)

<u>Anthony M Georges-Pierre</u>         <u>09/25/2025</u>
 (type or print name)         Date

- 3 -

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

KENIA GONZALEZ

      Plaintiff,

vs.                                      Case No.

FANATICS RETAIL GROUP FULFILLMENT LLC

      Defendant.

**SUMMONS IN A CIVIL CASE**

**TO:** FANATICS RETAIL GROUP FULFILLMENT, LLC., through its Registered Agent:

                CORPORATION SERVICE COMPANY
                1201 HAYS STREET
                TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                ANTHONY M. GEORGES-PIERRE, ESQ.
                **REMER & GEORGES-PIERRE &**
                **HOOGERWOERD, PLLC**
                2745 Ponce de Leon Blvd.
                Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                     DATE

_____
(BY) DEPUTY CLERK

1

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

_____          Case Number: _____

KENIA GONZALEZ
_____          Division:    _____
Plaintiff(s)/Petitioner(s)

vs

_____

FANATICS RETAIL GROUP FULFILLMENT LLC
_____
Defendant(s)/Respondent(s)

**REQUEST FOR DIVISION ASSIGNMENT**

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):
  ☐ The Defendant resides within the East Division boundaries;
  ☐ The cause of action occurred within the East Division boundaries;
  ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.  If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: Anthony M. Georges-Pierre, Esq.

Address: 2745 Ponce De Leon Blvd

Coral Gables, FL 33134

Phone Number: (305)416-5000

Email Address(es): agp@rgph.law , agpassistant@rgph.law

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

KENIA GONZALEZ

      Plaintiff,

vs.                                                     Case No.  25-CA-009504
                                                              DIVISION: E
FANATICS RETAIL GROUP FULFILLMENT LLC

      Defendant.

**SUMMONS IN A CIVIL CASE**

**TO:** FANATICS RETAIL GROUP FULFILLMENT, LLC., through its Registered Agent:

      CORPORATION SERVICE COMPANY
      1201 HAYS STREET
      TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      ANTHONY M. GEORGES-PIERRE, ESQ.
      **REMER & GEORGES-PIERRE &**
      **HOOGERWOERD, PLLC**
      2745 Ponce de Leon Blvd.
      Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **21 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint. You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

VICTOR D. CRIST
CLERK                                        DATE        September 26, 2025

(BY) DEPUTY CLERK

1

IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

KENIA GONZALEZ

      Plaintiffs,

v.                                                                          Case Number: 25-CA-009504
                                                                            Division E

FANATICS RETAIL GROUP FULFILLMENT LLC

      Defendants.

---

## DIFFERENTIATED CASE MANAGEMENT ORDER AND
## NOTICE OF HEARING ON 5/6/2026 AT 2:30 PM

## (GENERAL CIRCUIT CIVIL CASES FILED ON OR AFTER JANUARY 1, 2025)

THIS CAUSE comes before the Court in accordance with Florida Rule of Civil Procedure 1.200 and Thirteenth Judicial Circuit Administrative Order S-2024-085 (*Circuit Civil Differentiated Case Management Plan*) (the "**Case Management Plan**") or any successor administrative order.

Accordingly, it is now

**FOUND, ORDERED,** and **ADJUDGED** that:

1. **Designation of Case.** This case is preliminarily designated as a *General* civil case, as defined by Florida Rule of Civil Procedure 1.200.

2. **Plaintiff's Obligation to Serve DCM Order on All Defendants.** Consistent with the Case Management Plan, this Differentiated Case Management Order and Notice of Hearing (the "**DCM Order**") has been generated automatically upon the filing of the complaint and must be provided to Plaintiff along with the summons. Plaintiff is **DIRECTED** to serve the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

3. **Conformity with Time Standards.** The deadlines established in this DCM Order are set in contemplation of the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.** Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

    a.    Filing a motion in accordance with Florida Rule of Civil Procedure 1.200(e)(3) and setting it for hearing; or

    b.    Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order. The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**"). Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date.** The deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B). A firm trial date will be set through entry of a Uniform Order Setting Trial and Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.** It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

    a.    **Date and Time for Court-Ordered Case Management Set Below.** A date and time for the Court-Ordered Case Management Conference is set below.

    b.    **Method of Conducting Court-Ordered Case Management Conference:** The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

        **Zoom link:** https://zoom.us/j/8088314751
        **Meeting ID:** 808 831 4751
        *No password is required

    c.    **Attendance Mandated.** Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

    d.    **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

        i.    **Automatic Excusal.**

1. Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial and Pretrial has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

2. Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial and Pretrial is signed.

ii. **Discretionary Excusal.**

1. Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing their attendance on one of the following grounds:

   a. The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, <u>AND</u> the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

   b. Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Case Management Plan.

e. **Failure to Attend Court-Ordered Case Management Conference.** The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7. **Firm Trial Date to be Set by Uniform Order Setting Trial and Pretrial.** Once a firm trial date is selected, counsel will be directed to prepare and submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial and Pretrial, which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Uniform Order Setting Trial and Pretrial will require calculation of additional deadlines in a specified manner.

8. **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.** Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of Administrative Order S-2024-046 (*Circuit Civil Division*), and any successive administrative order.

9. **Certificate of Conferral for Non-Dispositive Motions.**

   a. **When Required.**  Parties are required to confer prior to filing motions in accordance with Florida Rule of Civil Procedure 1.202.

   b. **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.**  Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

   c. **Form of Certificate of Conferral.**  The certificate of conferral should be substantially in the following form:

      <u>**Certificate of Conferral Prior to Filing**</u>

      *"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by <u>[date and method of communication (select one of the following:  in person, telephone, or video conference)]</u> with the opposing party or counsel and <u>[the opposing party or counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)].*"

10. **Discovery Provisions.**

    a. **Fact Discovery.**

       i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

       ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

       iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

    b. **Expert Discovery.**

       i. Expert disclosure must occur by the deadline indicated below.

    ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

        1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

        2. For each expert:

            a. Identify the expert's area of expertise;

            b. Identify the subject matter on which the expert is expected to testify;

            c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

            d. Summarize the grounds for each opinion.

    iii. The court may preclude an expert from testifying outside of the disclosed opinions.

    iv. All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

    v. It is the responsibility of counsel to select experts who:

        1. Are prepared to make themselves available for deposition within the expert discovery period; and

        2. Are prepared to respond promptly to requests for deposition dates.

    vi. If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 09/25/2025 |
| **Deadline for service of complaint.** | 01/23/2026 |

| | |
|---|---|
| [120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | |
| **Deadline for adding parties.** <br><br> [150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 02/23/2026 |
| **Deadline for service under extensions.** <br><br> [180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 03/24/2026 |
| **Deadline for filing all objections to pleadings.** <br><br> [180 days after filing of complaint.] | 03/24/2026 |
| **Deadline for resolution of all objections to pleadings.** <br><br> [200 days after filing of complaint.] | 04/13/2026 |
| **Court-Ordered Case Management Conference.** <br><br> NOTE: This hearing will be conducted remotely. Please see paragraph 6(b) for connection instructions. <br><br> [210 days after filing of complaint.] | 05/06/2026 <br> At <br> 2:30 PM |
| **Deadline for completion of fact discovery.** <br><br> [270 days after filing of complaint.] | 06/22/2026 |
| **Deadline for filing motion to compel  discovery.** <br><br> [284 days after filing of complaint.] | 07/06/2026 |
| **Plaintiff's expert disclosure deadline.** <br><br> [300 days after filing of complaint.] | 07/22/2026 |
| **Defendant's expert disclosure deadline.** <br><br> [330 days after filing of complaint.] | 08/21/2026 |
| **Rebuttal expert disclosure deadline.** <br><br> [344 days after filing of complaint.] | 09/04/2026 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").** <br><br> [390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 10/20/2026 |

| | |
|---|---|
| **Deadline for filing and service of motions for summary judgment.**<br><br>[400 days after filing of complaint.] | 10/30/2026 |
| **Deadline for completion of alternative dispute resolution.**<br><br>[420 days after filing of complaint.] | 11/19/2026 |
| **Deadline for completion of expert discovery.**<br><br>[420 days after filing of complaint.] | 11/19/2026 |
| **Deadline for filing of all pretrial motions excluding motions in limine.**<br><br>[450 days after filing of complaint.] | 12/21/2026 |
| **Deadline for resolution of all pretrial motions, including motions for summary judgment and *Daubert* motions but excluding motions in limine.**<br><br>[500 days after filing of complaint.] | 02/08/2027 |
| **Deadline for filing of all motions in limine.**<br><br>[520 days after filing of complaint.] | 03/01/2027 |
| **Deadline for resolution of all motions in limine.**<br><br>[539 days after filing of complaint.] | 03/18/2027 |
| **Month and year of the projected trial term.**<br><br>[540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial and Pretrial (Revised January 1, 2025).] | March, 2027 |

ENTERED by the undersigned judge on the date imprinted below.

25-CA-009504 9/26/2025 12:09:56 PM
Cynthia Oster, Circuit Judge

## VERIFIED RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Hillsborough** | **Circuit Court** |

Case Number: 25-CA-009504

Plaintiff:
**KENIA GONZALEZ**

vs.

Defendant:
**FANATICS RETAIL GROUP FULFILLMENT LLC**

For:
ANTHONY GEORGES-PIERRE, ESQ.
REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC
2745 PONCE DE LEON BLVD
CORAL GABLES, FL 33134

Received by COURTESY PROCESS SERVERS on the 30th day of September, 2025 at 12:14 pm to be served on **FANATICS RETAIL GROUP FULFILLMENT, LLC through its Registered Agent: CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASEE, FL 32301-2525**.

I, MICHAEL NOLAN, do hereby affirm that on the **1st day of October, 2025** at **12:15 pm, I:**

**CORPORATE / LLC:** served by delivering a true copy of the **SUMMONS IN A CIVIL ACTION and COMPLAINT** with the date and hour of service endorsed thereon by me, to: **THOMAS PEACE** as **AUTHORIZED REPRESENTATIVE** for the Registered Agent of FANATICS RETAIL GROUP FULFILLMENT, LLC through its Registered Agent: CORPORATION SERVICE COMPANY at the address of: **1201 HAYS STREET, TALLAHASEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 25+, Sex: M, Race/Skin Color: WHITE, Height: 5'10', Weight: 225, Hair: BLONDE, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2).

_____

**MICHAEL NOLAN**
Certified Process Server, #111

**COURTESY PROCESS SERVERS**
**6800 BIRD ROAD**
**SUITE 191**
**MIAMI, FL 33155**
**(305) 330-1855**

Our Job Serial Number: JGS-2025192598
Ref: 2025192598

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d